## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARY ALICE SHROEGER     )
                                       )
       *Plaintiff*,           )
                                       )
vs.                              )     Case No.
                                       )
UNITED SCHOOL DISTRICT 469    )
LANSING                     )
Serve:  Clerk or Secretary of the Board    )
        200 East Mary Street        )
        Lansing, KS 66043         )
                                       )
       *Defendant*.         )

## COMPLAINT

Plaintiff Mary Alice Schroeger ("Schroeger" or "Plaintiff"), for her claims and causes of action against Defendant United School District 469 Lansing ("the District" or "Defendant"), states and alleges the following:

## PARTIES, JURISDICTION, AND VENUE

1.     Schroeger is a resident of Kansas.

2.     Defendant is a public unified school district located in Lansing, Kansas, and can be served through it's clerk or secretary of the Board, pursuant to K.S.A. 60-304(d) at 200 East Mary Street, Lansing, KS 66043.

3.     The court has jurisdiction over this action, which includes claims arising under the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq*.) (the "ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000e, *et seq*.), and The Family and Medical Leave Act (29 U.S.C. § 2601. *et seq*) ("FMLA") pursuant to 28 U.S.C. § 1331.

4.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Kansas.

**FACTUAL BACKGROUND**

5.      Schroeger filed a Charge of Discrimination with the EEOC within 180 days of the acts complained of and filed this Petition for Damages within 90 days after receiving her Notice of Right to Sue from the EEOC.

6.      This action is timely, and Schroeger has exhausted all administrative remedies prerequisites to filing this action.

7.      Schroeger started working as a French teacher for the District in 1989.

8.      Over her decorated 33-year career working for the District, Schroeger grew in experience and rank, ultimately serving in the position of Director of Special Education – Lansing.

*TITLE VII SEX DISCRIMINATION*

9.      Over the last several years, the District has allowed school board members to treat female employees differently than their male counterparts.

10.     Male employees were given broad tolerance for their errors.

11.     Meanwhile, Schroeger was subject to sex-based bullying, sex based critical commentary, heavily scrutinized, and overanalyzed for perceived shortcomings.

12.     This disparate treatment came to a head on or around July 2020, when school board member Cheryl Runnebaum publicly attacked Schroeger during in an adversarial board meeting interrogation.

13.     After this unprecedented board meeting, upon information and belief, Cheryl Runnebaum continued her attack on Schroeger, with yet another tirade directed towards Schroeger during another board meeting and several inflammatory Facebook posts intended to destabilize Schroeger's professional authority with the District.

14.     Due to her concerns regarding her treatment by the District, Schroeger filed a formal complaint on October 19, 2020.

15.     Despite the District's own policy to respond to complaints within 30 days, the District dismissed Schroeger's concerns and never attempted to remedy the situation.

16.     Upon information and belief, Schroeger was targeted as a female department head, whereas male department heads were not held to the same scrutiny.

17.     Subsequently, Schroeger was one of two employees of the District that was denied a cost-of-living increase in pay.

18.     The District constructively discharged Schroeger's employment, as her employment contract expired on June 30, 2022.

*DISABILITY DISCRIMINATION AND FMLA INTERFERENCE*

19.     On or about August 21, 2021, Schroeger suffered injuries during a devastating car accident.

20.     Schroeger's injuries required medical care, chiropractic treatment, and rehabilitative therapy.

21.     After a recommendation by her treating physician, Schroeger sought leave to receive the medical treatment she required to fully recover from injuries sustained in the accident.

22.     This also included leave to attend periodic appointments in the weeks and months following Schroeger's accident.

23.     However, due to the hostile work environment, Schroeger was afraid to take the necessary leave for treatment during the workday from September 2021 through the end of the year, save for a few times when her pain was so severe that it limited her mobility.

24.     Her inability to seek treatment, along with the stress caused by the District, prolonged Schroeger's recovery.

25.     Subsequently, Schroeger was one of two employees of the District that was denied a cost-of-living increase in pay.

26.     The District constructively terminated Schroeger's employment, as her employment contract expired on June 30, 2022.

### COUNT I – TITLE VII HOSTILE WORK ENVIRONMENT

27.     Plaintiff realleges and incorporates all preceding paragraphs.

28.     Schroeger is a female.

29.     Schroeger was overanalyzed, subjected to sex-based bullying, barraged with sex-based critiques and publicly attacked by a school board member, Cheryl Runnenbaum.

30.     Schroeger was subjected to inappropriate and harassing treatment because of her sex, effectively creating an abusive, hostile work environment filled with insult, intimidation, and ridicule, of which the District was aware.

31.     Schroeger suffered economic and non-economic damages as a result of the conduct of the District.

32.     The actions of the District were committed with malice or reckless indifference to her federally protected rights.

WHEREFORE, Plaintiff Mary Alice Schroeger respectfully requests that the Court enter judgment in her favor on Count I and against Defendant United School District 469, for a finding that she has been subjected to a hostile work environment in violation of Title VII; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees; and for such other and further relief the Court deems just and proper.

## COUNT II – TITLE VII RETALIATION

33.     Plaintiff realleges and incorporates all preceding paragraphs.

34.     Schroeger is a female.

35.     The District treated Schroeger less favorably than similarly situated male employees in the terms and conditions of her employment.

36.     This treatment constituted unlawful sex discrimination in violation of Title VII.

37.     Schroeger made complaints about the District's discrimination to which she was subjected.

38.     Schroeger's complaints concerning the District's discrimination to which she was subjected constituted a protected activity.

39.     Because of Schroeger's complaints, the District retaliated against her, by continuing to subject her to a hostile work environment and denying her a cost-of-living increase in pay, one of two employees of the District to not receive this increase.

40.     As a direct and proximate result of the District's actions and/or inaction, Schroeger has been deprived of income and other monetary and non-monetary benefits.

41.     As a direct and proximate result of the District's actions and/or inaction Schroeger has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

WHEREFORE, Plaintiff Mary Alice Schroeger respectfully requests that the Court enter judgment in her favor on Count II and against Defendant United School District 469, finding that she has been subjected to unlawful retaliation in violation of Title VII; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees; and for such other and further relief the Court deems just and proper.

## COUNT III – TITLE VII SEX DISCRIMINATION

42.     Plaintiff realleges and incorporates all preceding paragraphs.

43.     Schroeger is a female.

44.     The District treated Schroeger less favorably than similarly situated male employees in the terms and conditions of her employment, as her male counterparts were given broad tolerance for their errors, and Schroeger was overanalyzed, subjected to sex-based bullying, barraged with sex-based critiques and publicly attacked by a school board member

45.     The actions of the District and its agents constitute discrimination on the basis of her sex in violation of Title VII.

46.     The adverse employment actions against Schroeger occurred under circumstances raising a reasonable inference that her sex was a motivating and/or determining factor in the District's decision to treat Schroeger less favorably than similarly situated male employees and subject her to a hostile work environment.

47.     The District's conduct rendered Schroeger's working conditions so intolerable that Schroeger was forced to let her contract lapse and end her over three decade long career at a job she loved.

WHEREFORE, Plaintiff Mary Alice Schroeger respectfully requests that the Court enter judgment in her favor on Count III and against Defendant United School District 469 for a finding that she has been subjected to unlawful discrimination on the basis of her sex leading to a constructive discharge; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees; and for such other and further relief the Court deems just and proper.

## COUNT IV – FMLA RETALIATION

48.     Plaintiff realleges and incorporates all preceding paragraphs.

49.     The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by the FMLA.

50.     Schroeger is an eligible employee under the FMLA, and Defendant is a covered employer within the meaning of the FMLA.

51.     The District denied Schroeger the benefits to which she was entitled under the FMLA, when it created and fostered a hostile work environment that made it impossible for Schroeger to exercise those benefits without fear of retaliation.

52.     The District's conduct has damaged Schroeger's career, finances, and personal wellbeing such that she is entitled to an award of lost wages and benefits, attorney's fees and costs, and such equitable relief as may be appropriate.

53.     The District's interference with Schroeger's FMLA rights was willful and not done in good faith, such that Schroeger is entitled to recovery of liquidated damages in an amount equal to any award of backpay plus interest.

WHEREFORE, Plaintiff Mary Alice Schroeger respectfully requests that the Court enter judgment in her favor on Count IV and against Defendant United School District 469 for a finding that the District unlawfully retaliated against Schroeger in violation of FMLA, for damages to be proven at trial, and for such other relief as the Court deems just and proper under the circumstances.

## COUNT V – ADA DISCRIMINATION

54.     Plaintiff realleges and incorporates all preceding paragraphs.

55.     Plaintiff is a qualified individual with a disability under the ADA, in that she met the legitimate skill, experience, education, and other requirements of her position with the District and could perform the essential functions of her position with a reasonable accommodation.

56.     The District is a covered employer under the ADA.

57.     The adverse employment actions Schroeger suffered, the hostile work environment that she was subjected to that was so intolerable that she was constructively discharged, directly and proximately caused Schroeger to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation, embarrassment and frustration.

58.     The District, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Schroeger's federally protected rights. The District is therefore liable for punitive damages in an amount sufficient to punish the District and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff Mary Alice Schroeger respectfully requests that the Court enter judgment in her favor on Count V and against Defendant United School District 469 for a finding that she was subjected to unlawful discrimination in violation of the ADA; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees; and for such other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests the trial be held in Kansas City, Kansas.

**HKM EMPLOYMENT ATTORNEYS LLP**

/s/ *Ethan A. Crockett*

| | |
|---|---|
| Ethan A. Crockett | KS No. 79069 |
| John J. Ziegelmeyer III | KS No. 23003 |
| Brad K. Thoenen | KS No. 24479 |
| Kevin Todd | KS No. 78998 |

1501 Westport Road
Kansas City, Missouri 64111
Tel: 816.875.3332
ecrockett@hkm.com
jziegelmeyer@hkm.com
bthoenen@hkm.com
ktodd@hkm.com
www.hkm.com
ATTORNEYS FOR PLAINTIFF